■ In the Matter of AMERICAN LEGION AUXILIARY UNIT No. 1072, CONEY ISLAND POST, Petitioner, v. STATE BINGO CONTROL COMMISSION, Respondent. In the Matter of RUGBY POST No. 1011 AMERICAN LEGION, Petitioner, v. STATE BINGO CONTROL COMMISSION, Respondent.— Two proceedings under article 78 of the CPLR (transferred to this court for disposition by resettled orders of the Supreme Court, Kings County, entered October 22, 1964, and heard together) to review and annul determinations of the State Bingo Control Commission, which revoked petitioners' licenses. Determinations confirmed, without costs. Judicial review of the State Bingo Control Commission's determinations is limited to a consideration of whether or not there was substantial evidence to support its essential findings (*Matter of Stork Rest.* v. *Boland,* 282 N. Y. 256). The finding here that the petitioners falsified reports is supported by permissible inferences arising from all the evidence. The commission was entitled to find that the dates selected for inspection were properly representative and fully suitable as the basis for determining the average attendance, per capita expenditure, and average nightly total receipts for the uninspected occasions in question (*Matter of Inwood Post* v. *State Bingo Control Comm.,* 22 A D 2d 884). Christ, Acting P. J., Hill, Rabin, Hopkins and Benjamin, JJ., concur.

■ In the Matter of CRYSTAL EMERICK, Respondent, v. ROBERT EMERICK, Appellant.— In a support proceeding by a wife under article 4 of the Family Court Act, the husband appeals from an order of the Family Court, Orange County, entered May 7, 1965 after a hearing, which committed him to jail for a term of six months for his failure to obey a prior order of support of said court. Order reversed on the law and the facts, without costs; and matter remitted to the Family Court, Orange County, for a new hearing and for further proceedings not inconsistent herewith. In our opinion, the record does not support the determination of the Family Court, which must be based upon "competent proof", that the husband had willfully failed to obey the court's prior order of support (Family Ct. Act, § 454). The husband is entitled to be represented by counsel, and should be given opportunity to be heard and to present witnesses (cf. Family ·Ct. Act, § 433). Christ, Acting P. J., Brennan, Rabin, Hopkins and Benjamin, JJ., concur.