■    Engleson & VanLiere, Inc., Respondent, v. John C. Donnelly, Appellant. (No. 2.) — Judgment unanimously affirmed, without costs. Same memorandum as in *Engleson & VanLiere* v. *Donnelly* (37 A D 2d 758, decided herewith). (Appeal from judgment of Wayne Trial Term in action for account for goods sold, services performed.) Present — Goldman, P. J., Marsh, Witmer, Cardamone and Henry, JJ.

■    In the Matter of Probation Administrator, Respondent, v. Angelo Prospero, Jr., Appellant.— Order unanimously reversed, without costs, and petition dismissed. Memorandum: Not only does the record not support the order for increased payments on arrearages, but no fact adduced would permit the court to find that defendant willfully violated the prior order so as to subject him to a penalty pursuant to subdivision (a) of section 454 of the Family Court Act. (*Matter of Atkins* v. *Atkins*, 28 A D 2d 1098; *Cardona* v. *Perez*, 28 A D 2d 673; *Matter of Emerick* v. *Emerick*, 24 A D 2d 872.) The testimony in the instant record was deficient in failing to establish even the current income of the respondent. There is no testimony, probation report, or record presented by the petitioner which offered proof on the issue of willful violation or ability to pay. The mere fact of nonpayment does not establish a failure to obey a prior support order as willful. (*Cardona* v. *Perez, supra.*) The only testimony in the record dealing with respondent's financial status was presented by respondent himself when he stated that he had no bank account, stock, bond, real estate or means to pay pursuant to the prior support order during the summer period of 1970 when he fell in arrears. His testimony is that he got behind in the middle of July after he was laid off from his part-time bartending job, earning $90 per week, and did not commence paying again until the first check was received from the Board of Education after his return to his full-time teaching position in September. No contrary evidence was presented by petitioner. Based upon this record, a finding of willful failure to obey the support order was erroneous. (Appeal from order of Genesee County Family Court punishing respondent for failure to obey support order.) Present — Goldman, P. J., Marsh, Witmer, Cardamone and Henry, JJ.