■ GEORGE E. BOARDMAN, Respondent, v. GLISSANDO ENTERPRISES OF NEW JERSEY, Appellant, and JAMES BEARD et Ano., Defendants — Order, Supreme Court, Bronx County, entered on February 25, 1972, insofar as it denied defendant, Glissando Enterprises of New Jersey's cross motion to dismiss this action because of plaintiff's failure to serve a timely complaint, unanimously reversed, on the law and on the facts, without costs and without disbursements, cross motion granted and the complaint dismissed as to defendant-appellant. Plaintiff failed to come forward at Special Term with any excuse whatsoever for his failure to serve a complaint until approximately nine months after the demand therefor, at which time it was rejected by defendant. In addition no affidavit of merits was supplied to the court (*Schwartz* v. *National Fire Ins. Co. of Hartford*, 25 A D 2d 727). Plaintiff's claim that defendant improperly rejected his untimely complaint, rather than moving for dismissal prior thereto, is without merit. " The duty of prosecuting the action rests on the one who brings it, not on the one who defends it [citing cases] ". (*Sortino* v. *Fisher*, 20 A D 2d 25, 30.) Concur — McGivern, J. P., Murphy, Steuer, Tilzer and Capozzoli, JJ.

■ ROBERT L. PHIPPS, Appellant-Respondent, v. CAROLYN H. PHIPPS, Respondent-Appellant. — Resettled order, Supreme Court, New York County, entered September 15, 1972, unanimously modified, on the law and the facts, to reduce temporary alimony to $500 per week, and to direct that plaintiff conserve certain documents so that they should be available at the trial, and, as so modified, affirmed, without costs and without disbursements. Considering the relatively short duration of this marriage, and the age, condition and earning ability of the defendant wife, we consider that an award of $500 per week would provide adequate support pending trial. Special Term ordered plaintiff to turn over to defendant certain letters, diaries and other documents. As these were her property, the direction was proper, but as plaintiff has shown he will seek to use them on the trial, it is directed that defendant keep said documents intact and be in a position to produce them at the trial. Concur — Kupferman, J. P., Murphy, Steuer and Capozzoli, JJ.

■ ELIEZER SHKOLNIK, Appellant, v. JANET SHKOLNIK, Respondent. — Order and judgment (one paper), Supreme Court, New York County, entered on September 27, 1972, adjudging plaintiff guilty of contempt and fining him in the sum of $83,684.28, together with costs and counsel fees, unanimously modified, on the law, the facts and in the exercise of discretion, to the extent of reversing and striking all the decretal paragraphs of said order, except that part of the first decretal paragraph which denied plaintiff's cross motion, and remanding the motion to punish for contempt to the Trial Term for a hearing on the issue as to whether or not the failure of the plaintiff husband to comply with the judgment of divorce was willful, and otherwise affirmed, without costs and without disbursements. The question of deliberateness enters into the husband's failure to honor his commitments, as required by the court order, but this cannot be satisfactorily determined in the absence of a hearing. (Domestic Relations Law, § 246, subd. 1; see, also, *Holahan* v. *Holahan*, 234 App. Div. 572; *Shuck* v. *Shuck*, 40 A D 2d 665.) On the representation that the plaintiff is faithfully paying now the sum of $350 a week towards the support of the wife and children, we make no further direction as to any other interim payments. Settle order on notice. Concur — McGivern, J. P., Nunez, Murphy, Steuer and Capozzoli, JJ.