■ MURRAY ADLER REALTY CO., INC., Respondent, v. ALVIN BENEROFE, Appellant.— In an action to recover a brokerage commission, defendant appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County, dated September 22, 1972, as denied his cross motion for summary judgment. Order reversed insofar as appealed from, on the law, with $20 costs and disbursements, cross motion granted and complaint dismissed. In our view, no genuine triable issues of fact exist which preclude the granting of defendant's cross motion (CPLR 3212, subd. [b]). No meeting of the minds of the parties with respect to all the essential contract terms was ever reached and hence plaintiff is not entitled to a brokerage commission (*Sibbald* v. *Bethlehem Iron Co.*, 83 N. Y. 378, 382; *Kaelin* v. *Warner*, 27 N Y 2d 352; *Matter of Altz*, 274 App. Div. 894, affd. 300 N. Y. 607). Hopkins, Acting P. J., Latham, Gulotta, Christ and Brennan, JJ., concur.

■ GLORIA PIRROTTA, Respondent, v. JOSEPH PIRROTTA, Appellant.— In an action in which a judgment was entered on December 14, 1971, granting plaintiff a separation, alimony and child support, defendant appeals from an order of the Supreme Court, Kings County, entered February 1, 1973, which, after a hearing, (1) granted plaintiff's motion to adjudge defendant in contempt of court for failing to comply with said award of alimony and child support and (2) denied his motion to reduce the alimony and child support provisions of the judgment and to cancel the arrears. Order reversed, without costs, and motion and cross motion remitted to Special Term for a formal evidentiary hearing to determine the issues of alimony payments and contempt. No minutes were taken at the hearing on the motion and defendant claims he was not allowed to testify or cross-examine plaintiff. In our opinion, where a party may be held in contempt and committed and where the affidavits relating to his financial position are contradictory, a full and formal evidentiary hearing should be held and a record made thereof so as to permit a review of any determination made (cf. Domestic Relations Law, §§ 245, 246; *Espejo* v. *Espejo*, 41 A D 2d 555). Hopkins, Acting P. J., Latham, Gulotta, Christ and Brennan, JJ., concur.