■ RICHARD A. HICKLAND, Appellant, v. ALICE M. HICKLAND, Respondent.— Appeal from a judgment of the Supreme Court in favor of defendant, entered April 16, 1974 in Washington County, upon a decision of the court at a Trial Term, without a jury. This is an action for divorce brought by

the plaintiff husband in which the defendant wife counterclaimed for a divorce. The trial court granted the wife a divorce and denied a divorce to the husband. The judgment also granted the wife custody of a son born May 14, 1955, together with $50 per week for his support. It also gave the wife exclusive possession and occupancy of premises known as the " Argyle Farm ". Finally, it allowed the wife $50 per week alimony. The husband has appealed. The parties were married July 20, 1946. They have two children, only one of whom is a minor. Prior to 1963, the husband wanted to go into farming. In 1963, a 73-acre farm was purchased in Salem and in 1965, 20 adjacent acres were added. In 1969, a 174-acre farm was purchased in Argyle. The parties moved to Washington County in 1969 and resided thereafter on the Salem property. The husband entered into the farming business with the consent of the wife. Prior thereto he had earned between $35,000 and $50,000 per year with a manufacturing concern. The farm, however, has never shown a profit. The wife is a school teacher and earns $12,000 per year, plus fringe benefits providing life, accident and health insurance and a retirement plan. The parties separated pursuant to a separation agreement in January, 1972. The agreement was thereafter determined to have been rescinded by the parties. (*Hickland* v. *Hickland*, 46 A D 2d 1.) The Salem property, which had been the marital residence, is now owned by the husband's sister. The Argyle farm is jointly owned by the parties. Plaintiff raises three issues on this appeal. He contends the court erred (1) in awarding exclusive possession of the Argyle property to the defendant; (2) in granting defendant alimony and (3) in denying his motion to retain the child support aspect of the case in Family Court. The last contention lacks merit. The Supreme Court has concurrent original jurisdiction with the Family Court and it was within its discretion to entertain the matter or transfer it to Family Court. (*Kagen* v. *Kagen*, 21 N Y 2d 532.) On this record, we are unable to conclude that the court abused its discretion, and, therefore, this portion of the judgment should be affirmed. A more troublesome problem is presented by defendant's contention that the court erred in granting exclusive possession of the Argyle farm to plaintiff. The court had the power to direct defendant to furnish plaintiff with a place to live from any of the properties owned by him. (Domestic Relations Law, § 234.) Before exclusive possession is awarded, however, the court must consider all of the circumstances, and, particularly, the effect of exclusive possession of property by one spouse on the ability of the other to earn a living. (See *Bernstein* v. *Bernstein*, 36 A D 2d 620; *Jemzura* v. *Jemzura*, ·29 A D 2d 797.) It must also consider the size of the family to be accommodated by the property. (See *Parlato* v. *Parlato*, 44 A D 2d 720.) The record reveals that plaintiff owned the former marital residence in his own name, but later conveyed it to his sister, thereby making it impossible for defendant to stay there. ·Although the son also lives with defendant, it is most significant that the property in question contains 174 acres and at the time of the separation was being operated by plaintiff as a farm. Manifestly, defendant and the son do not require a going farm of 174 acres on which to reside. On the other hand, exclusive possession thereof by defendant deprives plaintiff of his present means of earning a living and of obtaining the necessary funds to comply with the financial obligations of the judgment. Considering the record in its entirety, we are of the opinion that it was an improvident exercise of discretion by the trial court to have awarded defendant exclusive possession of this property, and that part of the judgment should be modified to allow plaintiff to operate his farming business thereon. (See *Bernstein* v.

*Bernstein, supra,* p. 621; *Jemzura* v. *Jemzura, supra.*) We next turn to the question of alimony. The court clearly has the authority to grant a wife alimony (Domestic Relations Law, § 236). Statutory guidelines in determining the amount to be paid have been expanded by decisional law to include the husband's financial resources, the established standard of living of the parties, and, to a limited extent, the parties' conduct. There must also be a realistic balancing of the wife's needs and her resources with the husband's ability to pay. (*Kover* v. *Kover,* 29 N Y 2d 408, 416.) In the instant case defendant enjoys good health, has assets of her own and has a substantial regular income as a school teacher. She also has a home provided by plaintiff, together with a weekly income for the minor child residing with her. Conversely, plaintiff is engaged in a nonproductive business acquiesced in by defendant when the parties were living together as husband and wife. Plaintiff's circumstances are unlike his counterpart in *Kover* v. *Kover* (29 N Y 2d 408), *Brandt* v. *Brandt* (36 Misc 2d 901) and the other cases relied on by defendant. Consequently, since plaintiff lacks the actual financial ability to pay the alimony and defendant has ample income to support herself, we are of the opinion that the judgment should be further modified to strike out that portion which requires plaintiff to pay alimony at the present time. Judgment modified, on the law and the facts, (1) by deleting from the third decretal paragraph the award to defendant for alimony; and (2) by adding to the fourth decretal paragraph the provision that plaintiff is permitted to use the "Argyle Farm" for his farming operation, excluding the residence thereon, and, as so modified, affirmed, without costs. Staley, Jr., J. P., Sweeney, Kane, Main and Reynolds, JJ., concur.