■ SUNDRA CIASCHI, Respondent, v JOSEPH O. CIASCHI, Appellant.— Appeal from an order of the Supreme Court at Special Term, entered March 21, 1975 in Tompkins County, which adjudged defendant in contempt for failure to comply with the prior order of the court dated October 23, 1973, fined defendant in the sum of $1,000 and directed that the plaintiff have judgment for $2,000 for arrears in alimony and modified the prior order of the court dated October 23, 1973 by reducing temporary alimony to $100 per month. Plaintiff had applied to the Supreme Court for an order to punish defendant for contempt for failing to comply with an order of that court dated October 23, 1973 directing defendant to pay temporary alimony of $500 per month. Defendant served a notice of cross motion and opposed plaintiff's application on the ground that there had been a material and adverse change in his financial condition. The court at Special Term made its determination on the motion papers and prior proceedings in the consolidated actions. The defendant was entitled on the contempt issue to an evidentiary hearing at which witnesses could be called and subjected to cross-examination (Domestic Relations Law, § 246; *Pirrotta v Pirrotta,* 42 AD2d 715; *Shkolnik v Shkolnik,* 41 AD2d 523). The issue of a reduction in the temporary alimony is inextricably involved with the issue of contempt and both issues should be determined on a full evidentiary hearing. The affidavits are inadequate regarding, *inter alia,* the general financial condition of each of the parties, and the status of defendant's businesses. A proper resolution of the issues of contempt and reduction in support payments requires that proof be taken at a full evidentiary hearing *(Butcher v Butcher,* 47 AD2d 778). Order reversed, on the law and the facts, with costs to abide the event, and matter remitted to Special Term for further proceedings not inconsistent herewith. Herlihy, P. J., Sweeney, Main, Larkin and Reynolds, JJ., concur.