■ In the Matter of Patricia Bruno, Respondent, v Bert A. Bruno, Appellant. (Action No. 1.) In the Matter of Patricia Bruno, Respondent, v Bert A. Bruno, Appellant. (Action No. 2.)—Appeals from orders of the Family Court, Albany County, entered May 6, 1975 and July 2, 1975, which (1) modified a previous order of support, and (2) found appellant in contempt thereof. Appellant's net income is $71 per week out of which he is required to pay $50 per week for support of his first wife and their two children. He was married to petitioner herein on October 3, 1973 and separated from her on January 24, 1974. A prior order of the Family Court of Albany County directed him to pay petitioner $50 per week, but was later modified and reduced to $40 per week. Upon his failure to make the required payment of $40 per week, the Family Court, after a hearing, found him in contempt of court for willful failure to comply with its order. On this appeal appellant argues (1) that a payment in the sum of $40 per week is excessive; (2) it was error to find that appellant willfully failed to comply with the order of the Family Court; and (3) that the court erred in failing to advise him of his right to counsel at the hearing which ultimately resulted in his being found guilty of contempt. First, the support obligation of a husband to a wife depends upon the circumstances of the particular case, including such items as the husband's means, the duration of the marriage, and the needs and ability of the wife to support herself (Matter of Steinberg v Steinberg, 18 NY2d 492; Matter of Chapman v Chapman, 28 AD2d 1028). Upon this record we are unable to obtain the necessary information concerning petitioner's needs or means in order to determine if there was a proper exercise of discretion by the Family Court in this regard, and a remand is necessary for a further hearing on appellant's request for a modification of the order directing payment of $40 per week to petitioner. Secondly, in order to find appellant guilty of a willful failure to obey the order of the Family Court directing payment, there must be established an ability to pay. The mere fact of nonpayment is insufficient to establish willfulness (Matter of Burchett v Burchett, 43 AD2d 970; Matter of Jennings v Jennings, 42 AD2d 568; Matter of Tucker v Tucker, 41 AD2d 995). Finally, it is clear that when a party may be subject to a contempt order and possible imprisonment, he is entitled to a full evidentiary hearing (Matter of Passonno v Passonno, 43 AD2d 773; Shkolnik v Shkolnik, 41 AD2d 523) which includes the right to counsel. (Matter of Amicucci v Moore, 42 AD2d 701; Matter of Emerick v Emerick, 24 AD2d 872.) Since the record does not reveal that appellant was advised of this right, the order adjudging him in contempt must be reversed. Order entered May 6, 1975 reversed, on the law

and the facts, without costs, and matter remitted to Family Court of Albany County for a further hearing in accordance herewith. Order entered July 2, 1975 reversed, on the law and the facts, without costs, and petition dismissed. Sweeney, J. P., Kane, Koreman, Main and Larkin, JJ., concur.