■    In the Matter of GAY GARRIS, Respondent, v PHILIP GARRIS, Appellant.—Appeal from orders of the Family Court, St. Lawrence County, entered July 1, 1975 and July 14, 1975. The July 1, 1975 order, *inter alia,* imposed a jail sentence upon the appellant, apparently for a contempt of a prior court order or orders. The July 14, 1975 order merely reiterates the July 1 order, in denying a motion of the appellant to suspend the jail sentence. On March 11, 1975 the Family Court entered an order relating to visitation rights of the appellant and specifying, among other things, that he "shall not be in the company of any female other than a relation by blood or marriage while with his children"; that the parents were not to discuss their problems either in the presence of the children or the "community"; and that the parents were not to cause the children to lose respect for either parent. On March 31, 1975 a charge of harassment by appellant against his wife was transferred from Town Court to the Family Court. On April 15, 1975 a support counselor filed a petition charging the appellant with a failure to obey an order of September 30, 1974 by not paying $75 per week child support from October 26, 1974 to April 15, 1975. (The September 30, 1974 order is not a part of the record filed in this court.) On April 15, 1975 the appellant applied for a suspension of the support payments of $75 per week from October 21, 1974 until he should return to work. On April 18, 1975 the appellant filed a petition alleging his wife had violated the March 11, 1975 order by refusing visitation, and discussing their problems in public as well as influencing the children to think badly of him. On April 18, 1975 the court entered a temporary order directing appellant to pay $50 per week beginning April 28, 1975; suspending appellant's visitation rights; ordering both appellant and respondent wife to stay away from each other; and continuing the March 11, 1975 order in all other respects. On July 1, 1975 the Family Court convened for a hearing stating on the record that it was upon issues decided on April 18, 1975. The record contains no transcript for April 18, 1975 and the court did not state the issues before undertaking the examination of the various witnesses before it. The appellant stated at the opening of the hearing that he had made arrangements with an attorney,

Ross Brown, Esq., of Morristown to represent him, but he was not present for the hearing. The court recessed for appellant to call the attorney and then the appellant reported that the attorney had been required to report to a term of Supreme Court in Watertown that morning and was unavailable. While the neglect of the appellant's counsel to communicate with Family Court in regard to any problem about the hearing date is not to be condoned, nevertheless, it was an abuse of discretion not to permit a further adjournment for either the appearance of the counsel or the retention of new counsel. The appellant had an absolute right to counsel *(Matter of Bruno v Bruno,* 50 AD2d 701) and the record demonstrates the necessity for legal counsel in this proceeding. It should be further observed that the oral decision and findings of the court from the bench are inadequate for judicial review. Upon the present decision and findings, it is entirely possible that the appellant is being imprisoned for a failure to pay support money pursuant to the March 11, 1975 order which did not even contain a support directive. Order of July 1, 1975 reversed, on the law and the facts, without costs, and a new hearing ordered. Appeal from order of July 14, 1975 dismissed as academic. Herlihy, P. J., Sweeney, Kane, Koreman and Larkin, JJ., concur.