■ RUTH A. CORSO, Respondent, v JOHN CORSO, Appellant.—In an action in which the plaintiff wife was granted a divorce, alimony, child support and a counsel fee, defendant appeals from an order of the Supreme Court, Kings County, dated December 5, 1975, which, *inter alia,* granted plaintiff's motion to punish him for contempt of court. Order reversed, without costs or disbursements, and action remanded to Special Term for a full hearing in accordance herewith. Plaintiff herein moved to punish defendant for contempt for his failure to make payments for alimony, child support and counsel fees, as directed by a prior judgment of divorce of the Supreme Court, Kings County, and two prior orders of the same court. In response, defendant cross-moved to modify the divorce judgment as to custody of the parties' oldest child and to reduce the amounts of child support and counsel fees. In support of his application defendant alleged, in part, that he is financially unable to meet the obligations imposed by the court and submitted an affidavit as to his income, assets and liabilities. Both parties appeared before the court on November 19, 1975. Defendant claims he informed the court that he was unable to meet the financial obligations imposed by it. At a hearing held in chambers, without a stenographer, the defendant was not allowed to argue his financial status, submit proof or examine his one witness. In accordance with *Pirrotta v Pirrotta* (42 AD2d 715), defendant was entitled to a full evidentiary hearing and an opportunity to present witnesses in his behalf. In *Pirrotta,* this court stated: "In our opinion, where a party may be held in contempt and committed and where the affidavits relating to his financial position are contradictory, a full and formal evidentiary hearing should be held and a record made thereof so as to permit a review of any determination made (cf. Domestic Relations Law, §§ 245, 246; *Espejo v. Espejo,* 41 A D 2d 555)." Hopkins, Acting P. J., Martuscello, Cohalan and Damiani, JJ., concur.