■ RICHARD A. HICKLAND, Appellant, v ALICE M. HICKLAND, Respondent.—Appeals from two orders of the Supreme Court at Special Term, entered October 7, 1976 in Washington County, which (1) denied plaintiff's motion to discontinue and terminate the alimony provisions of a judgment of divorce entered April 16, 1974 and (2) granted defendant's motion for an order holding plaintiff in contempt for failure to comply with said alimony provisions. This court has previously ordered consolidation of these appeals. When the parties were divorced, the plaintiff was directed to pay $50 per month alimony. Upon appeal this court deleted the alimony provision *(Hickland v Hickland,* 46 AD2d 954). Thereafter, the Court of Appeals, after observing that plaintiff was an engineer who had earned $48,000 per annum before deciding that he would be happier farming, stated that he had "an obligation to use his assets and earning powers if these are required in order to meet his obligation to maintain the marital standard of living" and, further, that he could not be indulged by judicial sanction in his attempt to avoid his obligation to his wife by abandoning a remunerative profession *(Hickland v Hickland,* 39 NY2d 1, 5–6). Following entry of the Court of Appeals order, defendant moved for and obtained a judgment of $5,000 for arrearages in alimony payments as of March 8, 1976. Plaintiff then moved to discontinue alimony alleging changed circumstances with respect to himself and defendant. Defendant, by order to show cause, moved for an order holding plaintiff in contempt for failure to comply with the alimony provision of the judgment. The motions were heard together and Special Term, after oral arguments with plaintiff appearing *pro se,* denied plaintiff's motion and granted defendant's motion by directing plaintiff to pay arrearages, found to be $6,250, in six $1,000 monthly payments and one $250 payment in the seventh month together with the regular $50 per month alimony payment. Failure to comply with any of the payment terms would result in three weeks' imprisonment for each month that the payments were not made. Initially, two procedural points raised by plaintiff must be resolved. Special Term acted within its discretion in granting defendant's

motion for an extension of time to respond to plaintiff's motion to terminate alimony (CPLR 2004), particularly in the absence of any showing of prejudice *(Jemzura v Benanati,* 55 AD2d 987). Next, since Special Term compared the copy of defendant's show cause order served on plaintiff with the original and found them to be identical, the technical error of not serving a certified copy as required in the order to show cause was corrected without prejudice. An alimony award can only be altered upon showing a substantial change of circumstances *(Tagarelli v Tagarelli,* 50 AD2d 917, 918), and the burden of proving the requisite change rests upon the party seeking the reduction *(Gagliardi v Gagliardi,* 18 AD2d 788). Such a showing must initially be by affidavit before the hearing processes of the court are invoked. Herein, the Court of Appeals (39 NY2d 1, *supra)* has indicated that plaintiff's financial difficulties with respect to his farming operation is a self-imposed attempt to avoid his obligation to his former wife and that he must employ his professional skills as an engineer to earn money to discharge that obligation. Next, both this court and the Court of Appeals have condemned the arrangement between plaintiff and his sister which resulted in a $65,000 judgment against plaintiff in favor of his sister as "illusory" (46 AD2d 1, 10) and a "sham" (39 NY2d 1, 5) thereby vitiating the alleged $75,000 in outstanding judgments as a changed circumstance since that sum also includes defendant's judgment of $6,250 for back alimony. Next, plaintiff's remarriage with concomitant support obligations does not qualify as a "changed circumstance" since a divorced husband's remarriage is not such a circumstance as warrants a reduction in alimony payments to his first wife, where the husband's income remains unchanged *(Matter of Windwer v Windwer,* 39 AD2d 927, affd 33 NY2d 599). Herein, plaintiff's income has remained unchanged. It was alleged to be zero when the $50 per month alimony was fixed and that fact did not impress the Court of Appeals in reinstating that sum after this court's modification. Thus, the present allegation of no income is unavailable as a "changed circumstance". Plaintiff's allegations of lost income through forced sales of real estate and the stock market decline as well as his allegations that defendant has had substantial increases in her teaching salary, and that she is presently living with another man who contributes to her support, are all conclusory in nature and are completely lacking as evidentiary support for "changed circumstances" within the meaning of section 236 of the Domestic Relations Law. Plaintiff's affidavit is void of any allegations of identifiable realty that was sold, at what price and at what loss. There is no evidentiary showing of the cost of stock, the selling price and mathematical computation of the loss. The allegation with respect to defendant's increase in teaching income is unsupported, though such information, if true, is readily available. Accordingly, the order denying plaintiff's motion for alimony termination due to changed circumstances is affirmed. With respect to the order of contempt, however, the result must be to the contrary. Subdivision 3 of section 246 of the Domestic Relations Law provides that any person may assert his financial inability to comply as a defense in a proceeding instituted against him pursuant to section 245. Such a defense should not be evaluated on conflicting affidavits as to husband's ability to pay, since the requisite willfulness and contumacious conduct, if any, of the defaulting husband can only be ascertained at a hearing *(Pirrotta v Pirrotta,* 42 AD2d 715). Due process requires that an evidentiary hearing be held to resolve conflicting claims before one can be adjudged in contempt *(Singer v Singer,* 52 AD2d 774; *Walker v Walker,* 51 AD2d 1029), and as explained by this court, the purpose of such a hearing is to allow witnesses to be called and subjected to

cross-examination *(Ciaschi v Ciaschi,* 49 AD2d 991; see, also, *Shkolnik v Shkolnik,* 41 AD2d 523). Further, one subject to possible contempt and imprisonment has an absolute right to counsel *(Matter of Garris v Garris,* 51 AD2d 627, 628; *Matter of Bruno v Bruno,* 50 AD2d 701) and if one appears *pro se,* as here, he is entitled to be advised that he has the right to counsel, and, if indigent, to assigned counsel *(Rudd v Rudd,* 45 AD2d 22, 23; see Family Ct Act, § 454). There is nothing to indicate that plaintiff was advised as to any of his rights with respect to counsel. Order denying motion for termination of alimony affirmed, without costs; order of contempt reversed, on the law, without costs, and matter remitted for further proceedings not inconsistent herewith. Koreman, P. J., Sweeney, Kane, Mahoney and Larkin, JJ., concur.