■ LYNNE BARASCH et al., Respondents, v THERESA MICUCCI, Also Known as THERESA KOTECKI, as Executrix of ANTHONY MICUCCI, Deceased, et al., Respondents, and WELBILT, INC., Appellant, et al., Defendant.—Order, Supreme Court, New York County, entered on May 23, 1978, affirmed on the opinion of Bloom, J., at Special Term, without costs and without disbursements. Concur—Evans, Markewich and Yesawich, JJ.

Murphy, P. J., dissents in the following memorandum: On August 31, 1974, an explosion occurred in the residence of Lynne and Kenneth Barasch. One daughter, Jill, died as a result of injuries received in the explosion; another daughter, Wendy, was seriously injured in that incident. In August of 1976, a wrongful death action was commenced against these same nine defendants. Recovery was sought in that 1976 complaint on the theories of negligence and products liability. Suffice it to say that each of the defendants was charged with activity that might have caused or contributed to the explosion. Defendant Welbilt, in particular, was charged with having manufactured a defective gas-operated stove that was present in the residence at the time of the explosion. On or about August 24, 1977, a summons was served in this action. Defendant Welbilt appeared and demanded a complaint on or about September 8, 1977. On March 2, 1978, defendant Welbilt moved to dismiss this action under CPLR 3012 (subd [b]). Defendant Emerson cross-moved for identical relief. Plaintiffs also cross-moved for an order extending their time to serve a complaint pursuant to CPLR 2004. The proposed complaint submitted with the plaintiffs' papers was substantially the same as the one submitted in the wrongful death action. However, in the instant complaint, damages were sought for personal injuries sustained by the surviving members of the Barasch family. Under CPLR 3012 (subd [b]), a court *may* dismiss an action if the complaint is not served within 20 days after the service of a demand therefor. If a complaint is not timely served in accordance with the provisions of CPLR 3012 (subd [b]), then the court should dismiss the action unless the plaintiff should provide an excuse for the default and show merit to the case *(Boardman v Glissando Enterprises of N. J.,* 41 AD2d 523; *Beckham v Lefferts Gen. Hosp.,* 36 AD2d 726). In this proceeding, counsel for plaintiffs submitted several affidavits in support of his clients' cross motion and in opposition to the relief sought by Welbilt and Emerson. Counsel advanced various excuses for this default founded upon the complexity of this action and the confusion caused by the companion actions arising from this same occurrence. A discussion of any of the propounded excuses in this proceeding would be purely an academic

exercise since these same circumstances did not prevent counsel from serving a complaint in the 1976 wrongful death action. Thus, the excuses advanced by counsel for his five-month delay in serving a complaint herein are not acceptable. With regard to the merits of plaintiffs' case, counsel states: "Plaintiff has a meritorious cause of action against this defendant based upon professional engineer's reports indicating that the construction of the stove manufactured by this defendant was conducted *(sic)* in an improper manner including leaving off parts, leaving parts loose, misaligning parts and mislabeling of said stove as being designed for use of liquified propane when in fact it was designed and equipped with jets for natural gas. Based upon my examination of the reports made by professional engineers who have tested said products the defects in said product were a causative factor in allowing gas to be released and subsequently ignited causing the explosion." Counsel later stated: "With respect to the merits of the action, the investigation conducted by counsel for the subrogated insurer was recently only partially revealed to me although I was not permitted to either copy the same or given a copy. A portion was read to me which set forth that the manufacture, design and labeling of the cooking stove which was manufactured by the defendant Welbilt Corporation, sold by the defendant, Masters, Inc. was defective and this is the basis of a companion action for property damage which is also pending and which amply gives notice to each of the defendants herein of the various claims". In view of the possibility that one or more defendants might be liable, plaintiffs had the burden of showing the cause for this explosion (cf. *Cooke v Bernstein,* 45 AD2d 497). To open their default, it was incumbent upon the plaintiffs to come forward with, at least, some minimal evidence tending to indicate that Welbilt's stove was defective. While counsel stated that he had spoken to engineers and read their reports, he failed to submit an affidavit from any engineer even suggesting that Welbilt might be liable. Of course, counsel's affidavits were of no probative value with regard to the contents of the engineer's reports that he purportedly read *(Di Sabato v Soffes,* 9 AD2d 297, 301). Furthermore, since counsel was not an expert in the engineering field, his conclusions as to the import of those reports were also valueless. After the passage of three and one-half years, the plaintiffs should have stood ready to show some minimal proof suggesting Welbilt's liability. In the absence of such proof, the court abused its discretion in denying Welbilt's motion to dismiss. Pursuant to CPLR 5015 (subd [a], par 1), plaintiffs then would have had one year to vacate that default judgment upon a more satisfactory demonstration that their default was excusable. (3 Weinstein-Korn-Miller, NY Civ Prac, par 3012.15, p 30-204.) The order of the Supreme Court, New York County, entered May 23, 1978, should be modified, on the law and the facts, by reversing so much thereof as granted plaintiffs' cross motion and denied Welbilt's motion, by denying that cross motion and by granting Welbilt's motion, and, as modified, the order should be affirmed.