OPINION OF THE COURT
Anthony K. Pomilio, J.
This is a violation proceeding brought by the Oneida County Department of Social Services pursuant to section 454 of the Family Court Act. The petition alleges that the respondent failed to obey a child support order of this court dated June 20, 1972. Petitioner asks that the respondent be dealt with in accordance with section 454 of the Family Court Act, entitled “Powers on failure to obey order”. No specific relief is requested.
It is undisputed that this court ordered respondent to pay $50 per week to the Support Collection Unit for the support of his two minor children, payment to commence on June 30, 1972. It is further undisputed that respondent has never made any payment to the Support Collection Unit under that order which has neither been lowered nor suspended at any time.
A hearing on the petition was held in this court on March 4, 1981.
*629 At the conclusion of petitioner’s proof, respondent moved to dismiss the petition on the grounds that petitioner had failed to establish that respondent’s failure to obey the order was willful because petitioner had offered no proof as to respondent’s ability to pay.
Respondent renewed his motion at the conclusion of the hearing. We reserved decision on the motions. We now decide the motions.
While petitioner offered proof that respondent failed to make payments under the order, he offered no evidence as to respondent’s ability to pay the support under the order.
Respondent contends that any order under section 454 of the Family Court Act must be premised upon a showing by the petitioner, (1) that respondent failed to obey the order; and (2) that the failure to pay was willful. He contends that to establish that the failure was willful, petitioner must establish that respondent had the ability to pay when he failed to obey the order.
Section 454 of the Family Court Act authorizes the court to impose various sanctions upon a respondent, who, it is satisfied by competent proof, has failed to obey a support order. Those sanctions found in paragraphs (b) through (e) of subdivision 1 may be imposed upon a finding that respondent has failed to obey the court order. It is not required that there be a finding that the respondent’s disobedience was willful.
Respondent’s motions must be denied insofar as they relate to the court’s power to impose sanctions under paragraphs (b) through (e) of subdivision 1.
It is the sanction authorized by paragraph (a), commitment of respondent to jail, which may be imposed only if the failure to obey was willful. Thus, willfulness is relevant only insofar as petitioner seeks to have respondent committed to jail.
Respondent contends that to establish prima facie that his violation was willful, petitioner must offer some proof as to his ability to pay. He cites various appellate court opinions involving proceedings under section 454 in support of this contention.
*630 “There is no testimony, probation report, or record presented by the petitioner which offered proof on the issue of willful violation or ability to pay. The mere fact of nonpayment does not establish a failure to obey a prior support order as willful.” (Matter of Probation Administrator v Prospero, 37 AD2d 759; see, also, Matter of Bruno v Bruno, 50 AD2d 701; Matter of Cardona v Perez, 28 AD2d 673.)
If the law today were the same as it was when these cases were decided, then perhaps respondent would prevail. However, in 1977, subsequent to the above decisions, the Legislature amended section 454 (subd 1, par [a]) to provide that: “For purposes of this subdivision, failure to pay support, as ordered, shall constitute prima facie evidence of a willful violation.” (L 1977, ch 516, § 18.) This amendment, effective July 1, 1977, continues unchanged in the present section 454.
We conclude that this amendment changes the result of the cases cited above. Under the present section 454, the mere fact of nonpayment does establish prima facie that the violation was willful. (See Matter of Cole v Cole, 65 AD2d 643, holding that nonpayment was prima facie evidence of a willful violation.)
Thus, when the petitioner is seeking to have respondent committed to jail for disobeying a support order, the petitioner is merely required to offer proof of respondent’s failure to pay in order to establish a prima facie case. Once the petitioner has established a prima facie case, the burden shifts to respondent to go forward with evidence to establish that the violation was not willful because of his inability to pay.
Accordingly, respondent’s motion to dismiss the petition because of petitioner’s failure to offer proof as to respondent’s ability to pay is denied.
We now turn to the merits of the petition.
The court finds that the respondent is in arrears in the amount of $14,864.22 as of the date of the hearing, March 4, 1981, based upon the undisputed evidence.
The court further finds that the respondent’s failure to obey the order was willful. The court finds respondent had the ability to pay the order-but failed to do so.
*631 Respondent’s own testimony was that he was employed from April through June of 1972, and that he had a steady job, in Florida, from 1974 through 1977. Respondent, who had the burden of going forward with evidence of his inability to pay, failed to offer evidence that his income during these years was insufficient to pay the order. Respondent also offered no evidence as to his income during the years subsequent to 1977, and thus failed to offer evidence to establish his inability to pay during those years. The court also notes that respondent never petitioned to modify or suspend the order.
The court will order a dispositional hearing on the issue of the appropriate sanction or sanctions to be imposed under section 454 of the Family Court Act.
The court further recommends that the petitioner make application for judgment against the respondent under section 460 of the Family Court Act.