■ George Andrews, Appellant v Dorothy V. Andrews, Respondent. — Appeal from an order of the Supreme Court at Special Term (Cholakis, J.), entered February 2, 1981 in Rensselaer County, which, *inter alia,* granted defendant's motion adjudging plaintiff in contempt of court and sentenced him to 10 days in jail. By stipulation dated May 31, 1978, the parties agreed, *inter alia,* that plaintiff would pay his wife $60 per week support and would name her as irrevocable beneficiary on a $14,000 life insurance policy. The stipulation was incorporated into a judgment of divorce dated August 23, 1979. Thereafter, over the course of two years, plaintiff failed to obey four court orders dated November 7, 1978, April 24, 1979, May 13, 1980 and November 20, 1980. Each of these orders directed plaintiff to furnish proof that he had complied with the stipulation between the parties and had put in place a $14,000 life insurance policy naming his wife as beneficiary. The last order, dated November 20, 1980, granted defendant a wage deduction order enforceable against plaintiff's wages. By order dated January 13, 1981, plaintiff was found guilty of a contempt of court for his failure to obey the commands of the prior orders. He was sentenced to 10 days' imprisonment in the Rensselaer County Jail (see Domestic Relations Law, § 245). Plaintiff's cross motion for a hearing based on changed circumstances was denied (see Domestic Relations Law, § 246, subd 1). This court stayed implementation of the order pending appeal. We reverse. Subdivision 3 of section 246 of the Domestic Relations Law provides that any person may assert his financial inability to comply as a defense in a proceeding instituted against him pursuant to section 245. Where, as here, the plaintiff husband's affidavit in support of his cross motion for a hearing with respect to his financial inability to comply with court orders contains allegations that he is retired and receiving a monthly pension of $394 a month, which is now reduced to $260.71 a month after allowance is made for the wage deduction order, and said allegations are supported by signed statements from the appropriate officer of the New York State Employees' Retirement System, we conclude that the requisite willfulness and contumacious conduct, if any, could only be ascertained after a hearing (see *Pirrotta v Pirrotta,* 42 AD2d 715). Due process requires that an evidentiary hearing be held to resolve conflicting claims before one can be adjudged in contempt (see *Hickland v Hickland,* 56 AD2d 978, 979). Lastly, since there must be a remand, that part of the order granting counsel fees must also be reversed. Order reversed, on the law, without costs, and matter remitted to Supreme Court, Rensselaer County, for further proceedings not inconsistent herewith. Mahoney, P.J., Main, Mikoll, Yesawich, Jr., and Herlihy, JJ., concur.