■ ELIZABETH PATELL, Respondent, v RONALD PATELL, Appellant. — In a matrimonial action in which the parties were divorced, defendant husband appeals (1) as limited by his brief, from stated portions of two orders of the Supreme Court, Nassau County (Lockman, J.), dated April 27, 1982 and May 25, 1982, respectively, which, *inter alia,* without a hearing, awarded plaintiff judgment for arrearages in maintenance and child support and granted plaintiff's application for a wage deduction order and counsel fees, and (2) from an order of the same court, dated May 25, 1982, entered in accordance therewith. Two orders dated April 27, 1982 and May 25, 1982 affirmed, insofar as appealed from, and second order dated May 25, 1982 affirmed, without costs or disbursements. Defendant has not alleged in his affidavits opposing that branch of plaintiff's application which was for a wage deduction order, pursuant to section 49-b (subd 1, par [a]) of the Personal Property Law, substantial issues of material fact which would require a hearing (cf. *Ciotti v Ciotti,* 67 AD2d 690). Defendant is not entitled to a reduction in the support provisions of the divorce judgment, as he has failed to allege a substantial change in circumstances (see Domestic Relations Law, § 236, part B, subd 9, par b; *Hickland v Hickland,* 56 AD2d 978). Defendant's remarriage to a woman with two young children from a previous marriage is not such a changed circumstance as would warrant a reduction in support provisions, where defendant's income remains unchanged (*Matter of Windwer v Windwer,* 39 AD2d 927, affd 33 NY2d 599; *Hickland v Hickland,* 56 AD2d 978, *supra*). Likewise without merit is defendant's argument that plaintiff should be denied counsel fees for failure to comply with the court rule set forth in 22 NYCRR 699.11. That rule applies only to motions for alimony, counsel fees, and child support *pendente lite,* and not to a posttrial application to enforce the provisions of a divorce judgment. Damiani, J. P., Lazer, Gulotta and Bracken, JJ., concur.