■ In the Matter of CIVIL SERVICE EMPLOYEES ASSOCIATION, INC., LOCAL 1000, AFSCME, AFL-CIO, Appellant, v HERBERT B. EVANS, Respondent. — Appeal from so much of two orders of the Supreme Court at Special Term (Cholakis, J.), entered March 8, 1982 and April 28, 1982 in Albany County, as transferred petitioner's motion seeking to hold respondent in contempt of court to Trial Term for a hearing and determination. By order entered August 19, 1981, Special Term granted petitioner's application pursuant to CPLR 7510 for confirmation of an arbitrator's award. The arbitrator had determined that respondent violated the provisions of a collective bargaining agreement when he terminated Richard Catanise's employment without a hearing. Petitioner then moved to have respondent held in contempt for failing to comply with that portion of Special Term's August 19, 1981 order which directed that respondent restore Catanise to service with compensatory damages. Special Term concluded that the motion could not be summarily determined and transferred the matter to Trial Term for a hearing and determination. A motion by petitioner to reargue or renew was granted by Special Term which then adhered to its original determination. This appeal by petitioner ensued. Since an order directing a judicial hearing to aid in the disposition of a motion does not affect a substantial right (*Bagdy v Progresso Foods Corp.,* 86 AD2d 589; *Alfred D. Geronimo, Inc. v Board of Educ.,* 69 AD2d 805), the orders sought to be reviewed on this appeal are not appealable as of right (see CPLR 5701, subd [a], par 2, cl [v]). Moreover, even if the appeal were properly before this court, we would agree with Special Term's conclusion that a hearing was necessary to determine whether respondent's actions constituted a willful violation of Special Term's prior order (see *Andrews v Andrews,* 82 AD2d 948). Appeal dismissed, without costs. Mahoney, P. J., Sweeney, Casey, Weiss and Levine, JJ., concur.