■ THEODOR H. KEFF, Appellant, v CHRISTA M. KEFF, Respondent. CHRISTA M. KEFF, Respondent, v THEODOR H. KEFF, Appellant. — Appeal from an order of the Supreme Court at Special Term (Pennock, J.), entered May 20, 1982 in Greene County, which granted in part plaintiff Christa M. Keff's motion for a judgment for arrearages in child support and temporary alimony and held defendant Theodor H. Keff in contempt of court. On September 7, 1979, an order was entered awarding plaintiff Christa M. Keff child support and temporary alimony pending a trial of the parties' divorce action. The order not having been complied with, on March 26, 1982, plaintiff moved to recover arrearages totaling $15,365. Defendant Theodor H. Keff, relying upon his then

attorney's affidavit, maintained entitlement to a credit against the claimed arrearages for, among other things, $3,000 in legal fees allegedly paid to the wife's attorneys and $2,500 said to have been provided to her for car repairs and household expenses. The precise amount of the credit was to be forthcoming in defendant's own affidavit together with ledger sheets showing his expenditures, but that affidavit was never produced nor were the ledger sheets. At the hearing on plaintiff's motion, no effort was made to quantify the additional expenses it had been professed defendant incurred; instead reliance was had entirely upon the afore-mentioned attorney's affidavit. Special Term granted plaintiff judgment on the arrears in the amount of $9,865. A decision respecting defendant's right to a credit of $5,500 was held in abeyance for disposition at the divorce trial. Because of his failure to pay the arrears of $9,865, defendant was held in contempt; payment in a prescribed time would purge the contempt. On appeal, defendant challenges both the amount of arrearages and the propriety of the contempt order. Section 244 of the Domestic Relations Law mandates entry of judgment for arrears unless the defaulting party shows good cause for failing to make an application for relief from the judgment or order directing such payment prior to the accrual of the arrears. Defendant neither moved to be relieved of the 1979 order nor proffered any reason for neglecting to do so. Since his unilateral reduction of the amount he was obliged to pay was improper, judgment in plaintiff's favor in the amount of $15,365, notwithstanding any claimed setoff, would have been appropriate (*Coveleski v Coveleski,* 93 AD2d 924). As plaintiff elected not to appeal Special Term's determination limiting the judgment, at this juncture, to $9,865, this aspect of the judgment must be affirmed. The contempt citation must, however, be reversed. Since defendant acknowledged not complying with the order and did not claim to be financially unable to do so or offer any other legitimate excuse for his default, there was no need to first conduct an evidentiary hearing (compare *Andrews v Andrews,* 82 AD2d 948; *Ciaschi v Ciaschi,* 49 AD2d 991). Nonetheless, the contempt ruling cannot stand, for there is no indication in the record that plaintiff undertook to enforce the 1979 order by way of section 243 or 244 of the Domestic Relations Law or section 49-b of the Personal Property Law. Unless these enforcement measures would prove ineffectual, they are a precondition to the issuance of a contempt order pursuant to section 245 of the Domestic Relations Law (*Allen v Allen,* 83 AD2d 708; *Barreca v Barreca,* 77 AD2d 793). Given the magnitude of defendant's assets, it cannot be said that enforcement efforts would be unavailing. Order modified, on the law, by reversing so much as held defendant in contempt of court, and, as so modified, affirmed, without costs. Sweeney, J. P., Kane, Casey, Mikoll and Yesawich, Jr., JJ., concur.