■ RAFAEL BORITZER, Appellant, v GAIL BORITZER, Respondent.—In an action for a divorce and ancillary relief, the plaintiff husband appeals from stated portions of an order of the Supreme Court, Westchester County (Nastasi, J.), entered April 15, 1987, which, inter alia, granted those branches of the defendant wife's motion which were to adjudge the plaintiff in contempt of court for failure to comply with a pendente lite order of the same court entered October 16, 1986, as amended on October 20, 1986, for leave to enter money judgments, and for counsel fees, and denied those branches of his cross motion which were for a hearing on his financial ability to comply with the pendente lite order, and for downward modification of the pendente lite order, and cancellation of the accrued arrears.

Ordered that the order, as amended, is reversed insofar as appealed from, on the law, without costs or disbursements, and the matter is remitted to the Supreme Court, Westchester County, for a hearing and new determination in accordance herewith.

We agree with the plaintiff's contention that since he asserted as a defense that he was financially unable to comply with the pendente lite orders, he was entitled to a hearing (see, Domestic Relations Law § 246 [3]). Therefore, the Supreme Court erred in not holding a hearing before it adjudged

him to be in contempt *(see, Rogers v Rogers,* 94 AD2d 764, *lv denied sub nom. Elizabeth R. v John R.,* 63 NY2d 604; *Pirrotta v Pirrotta,* 42 AD2d 715).

We also find that the Supreme Court erred in summarily denying the plaintiff's cross motion for modification of the pendente lite order *(see, De Paolo v De Paolo,* 104 AD2d 631). Since this issue is inextricably involved with the issue of contempt, both issues should be determined after a full evidentiary hearing *(see, Ciaschi v Ciaschi,* 49 AD2d 991).

Finally, while the defendant was entitled to an award of counsel fees *(see,* Domestic Relations Law § 237 [c]), we find that, under the circumstances, the making of the award on the basis of affirmations alone was improper *(see, Price v Price,* 115 AD2d 530). Mangano, J. P., Brown, Rubin and Harwood, JJ., concur.