■ RAYMONDE M. LARAMEE, Respondent, v LAURENT J. LARAMEE, Appellant. [641 NYS2d 719] —In a matrimonial action in which the parties were divorced by judgment dated September 6, 1979, in which the estate of the former husband moved to enforce the terms of a stipulation of settlement which was incorporated, but not merged, into the judgment, the estate of the former husband appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Adams, J.), dated August 19, 1994, as (1) determined that the defendant's youngest child was not emancipated at the time of the defendant's death, and (2) failed to direct an immediate hearing to determine whether the plaintiff wife was in contempt of the provision of the divorce judgment directing the sale of the former marital residence, on the ground that a hearing would be premature.

Ordered that, on the Court's own motion, the plaintiff's notice of appeal from so much of the order as failed to direct an immediate hearing on the issue of contempt on the ground that it would be premature is treated as an application for leave to appeal, and leave to appeal is granted (*see,* CPLR 5701 [c]); and it is further,

Ordered that the order is modified, on the law, by substituting the estate of Laurent Jean Laramee for Laurent Jean Laramee as the defendant in this action; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The plaintiff wife and the defendant husband, the parents of three children, were divorced in 1979. At that time, they entered into an oral stipulation of settlement, in which they agreed, *inter alia,* that (1) the husband would maintain a life insurance policy for the benefit of the children until the children were emancipated, and (2) the wife would occupy the marital residence until the emancipation of the youngest child, at which time the wife would sell the residence and the proceeds would be divided.

The husband died in January 1991, leaving no life insurance

policy. The youngest child attained the age of 21 in November 1992. Thereafter, the executrix of the husband's estate moved for an order directing the immediate sale of the marital residence. By order of the Supreme Court, Nassau County (Adams, J.), dated June 25, 1993, the court directed "the parties" to effect a sale of the marital residence as soon as possible. The residence, however, was not sold, and by motion dated June 17, 1994, the decedent's estate sought, *inter alia,* hearings to determine whether the youngest child had been emancipated at the time of her father's death and whether the wife should be held in contempt for failing to sell the residence.

By order dated August 19, 1994, the Supreme Court, Nassau County (Adams, J.), denied the estate's motion in its entirety, finding, in relevant part, (1) that the youngest child had been unemancipated at the time of her father's death, and (2) that a contempt hearing would be premature.

Initially, we note that the estate of the husband should be substituted for the husband as the defendant in this action. Further, we find that the court properly denied the estate's motion for a hearing.

The executrix of the estate submitted an affidavit in support of the estate's motion, alleging that members of the family had told her that the youngest child had been employed full time and had been attending college only part time at the time of her father's death. The wife, however, presented evidence from the college that the child had been attending school full time at the time of her father's death. The executrix also stated in her affidavit that the real estate agent handling the sale of the marital residence had told her that the wife had turned down several attractive offers to buy the house. Rather than raising substantial issues of fact warranting a hearing, these hearsay statements had no evidentiary value and were properly disregarded by the court (*see, Vermette v Kenworth Truck Co.,* 68 NY2d 714). Rosenblatt, J. P., Copertino, Altman and Friedmann, JJ., concur.