■ HALINA DIENER, Respondent, v JAKOW G. DIENER, Appellant. [721 NYS2d 283] —In a matrimonial action in which the parties were divorced by judgment entered July 30, 1998, the defendant appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Warshawsky, J.), dated June 18, 1999, as granted that branch of the plaintiff's motion which was to hold him in contempt of court to the extent of directing a hearing on the issue unless he transferred to the plaintiff funds in a certain individual retirement account, and denied that branch of his cross motion which sought an award of an attorney's fee.

Ordered that the appeal from so much of the order as directed a hearing on the issue of contempt is dismissed, as that portion of the order is not appealable as of right, and leave to appeal has not been granted (*see,* CPLR 5701); and it is further,

Ordered that the order is affirmed insofar as reviewed; and it is further,

Ordered that the plaintiff is awarded one bill of costs.

Pursuant to the parties' stipulation of settlement, the defendant was to transfer certain securities held in an individual retirement account at Smith-Barney to the plaintiff. After the parties entered into the stipulation, the defendant transferred those securities to another account at Citibank. The Supreme Court properly directed the defendant to comply with the stipulation by transferring the securities in question.

That portion of the order which directed a hearing on the plaintiff's motion to hold the defendant in contempt is not appealable as of right (*see, Matter of Liberty Mut. Ins. Co. v Correa,* 266 AD2d 461; *Marine Midland Bank v Rashid,* 259 AD2d 739; *Matter of Town of Babylon v Taxpayer's Recovery Corp.,* 240 AD2d 417; *Matter of Civil Serv. Empls. Assn. v Evans,* 92 AD2d 669), and leave to appeal has not been granted (*cf., Laramee v Laramee,* 226 AD2d 680). Bracken, Acting P. J., McGinity, Luciano and Feuerstein, JJ., concur.