■ DIANE GRECO, Respondent, v WAYNE RODRIGUEZ, Appellant. [811 NYS2d 574]—

In an action for a divorce and ancillary relief, the defendant appeals from so much of an order of the Supreme Court, Nassau County (Stack, J.), dated April 5, 2005, as granted the plaintiff's motion, inter alia, to punish him for contempt, sentenced him to incarceration in the Nassau County Correctional Facility for a period of 30 days, and denied his cross motion, inter alia, for a downward modification of his pendente lite support obligations. By decision and order on motion of this Court dated May 4, 2005, enforcement of the order dated April 5, 2005, was stayed pending hearing and determination of the appeal.

Ordered that the order is reversed insofar as appealed from, on the law, without costs or disbursements, and the matter is remitted to the Supreme Court, Nassau County, for a new hearing before a different Justice and a new determination of the motion and cross motion.

The Supreme Court improperly granted the wife's motion, inter alia, to punish the husband for contempt without first holding an evidentiary hearing regarding his assertion of financial inability to satisfy his obligations under the prior court orders (*see Gifford v Gifford*, 223 AD2d 669, 670 [1996]; *Boritzer v Boritzer*, 137 AD2d 477, 477-478 [1988]). Contrary to the Supreme Court's determination, a hearing was required to resolve a factual dispute concerning the husband's financial circumstances, as presented in the motion papers and opposition thereto. Moreover, the issues raised in the husband's cross motion were inextricably intertwined with the finding of contempt. Accordingly, those issues should also be addressed and determined at the hearing (*see Boritzer v Boritzer, supra* at 478). Prudenti, P.J., Florio, Goldstein and Lunn, JJ., concur.