■ ASTRA McMURRAY, Appellant, v LEITH McMURRAY, Respondent. LEITH McMURRAY, Respondent, v ASTRA McMURRAY, Appellant.—Order, Family Court, New York County, dated November 7, 1975, which denied the wife's petition for upward modification of support, and granted the cross petition to decrease support payments from $1,750 a month to $1,350 a month, and which directed that if respondent husband is required to make payments to a bank on a loan he cosigned for petitioner-appellant wife, he may deduct such sums from support, and found no arrears in support payments as of October 29, 1975, unanimously modified, without costs and without disbursements, on the law and the facts and in the exercise of discretion, to deny the cross petition to decrease support payments, and to remand for further hearing on the question of credit to the respondent of any bank loan payments, and on the question of whether arrears are due, and otherwise affirmed. The parties were married in 1959 and have three daughters aged 15, 13 and 9½. In 1969, they entered into a separation agreement giving custody of the children to the wife and visitation rights to the husband, and providing for support for the wife and children of $1,750 a month. It further provided that the amount should be reduced by $2,500 per year per child ($208.33 per month) in the event, among other things, a child comes into the sole custody of the husband. The husband also was to make other payments for schooling and medical and dental expenses. Thereafter, a Mexican divorce decree was obtained, incorporating but not merging the agreement. In May, 1975, the petitioner-appellant wife asked for an upward modification of support because of increased costs, and alleged that the respondent was in arrears of $1,850. Respondent, a practicing physician, filed a cross motion asking downward modification, alleging, among other things, that his oldest daughter now resided with him, and that because he had remarried, and had a child of that marriage, his expenses had increased. The agreement, *Matter of Klein v Sheppard* (52 AD2d 532), was fair

when made, and there has been no showing of special circumstances to warrant a modification. *(Matter of Best v Baras,* 52 AD2d 557.) Both parties at this time can find valid but inconclusive reasons for either increasing or decreasing the support payments. The only area warranting further consideration on this appeal has to do with the wife's indebtedness to a bank on a loan which her husband is paying. If that loan was for the purpose of providing the appellant with funds when the respondent was in arrears, and if he has not otherwise brought those arrears up to date, he is not entitled to credit for his repayment of the loan. If, however, he has paid up on those arrears, any payment on the loan would mean that he is paying twice, and he should receive credit for this. Therefore, this aspect is remanded for further hearing. The current arrears have to do with the withholding by the husband of the sum of $208.33 per month, which would cover the oldest girl who is living with him. There is a habeas corpus proceeding pending with respect to the custody of the child. If the custody is given to the father, then he should be credited with that amount withheld. If custody is given to the mother, then the change of several months of residence should not have the effect under the separation agreement of reducing the support payments. (See *Klein v Klein,* 53 AD2d 579.) Therefore, a further hearing is necessary on that issue. Concur—Kupferman, J. P., Murphy, Lupiano, Silverman and Lane, JJ.