■ In the Matter of JANET BODEN, Appellant, v JAMES J. BODEN, Respondent.—Order, Family Court, New York County, entered February 25, 1976, denying petitioner's application for support of the parties' infant child, reversed, on the law and the facts, without costs and without disbursements, and the petition granted to the extent of fixing child support in the sum of $250 monthly. The parties were married in June, 1956 and their only child was born in January, 1957. They executed an agreement of separation in

May, 1960 which provided, *inter alia,* for support of the child in the amount of $150 per month and that, if the child attained her majority and was then attending college, the father would be obligated to "pay for the college education of said child and to that end shall cause a life insurance endowment policy in the principal sum of $7,500 to be written on his life, to mature 15 years from date hereof, and to pay all premiums thereon. The proceeds of such policy shall be used for the purpose of such college education * * * Such policy shall provide that the proceeds are to be applied for such college education with the further proviso that if said child shall die, or shall attain the age of 21 years without having attended college, then the proceeds of such policy shall be paid to the Husband." Petitioner by virtue of a final judgment of divorce issued in California on July 10, 1961 obtained custody of the child; the judgment containing no provision for child support. Initially, it is noted that an application for enforcement of the foreign decree of divorce for child support would not have been appropriate as there is no such decree to enforce (Family Ct Act, § 466). Consequently, petitioner seeks reasonable support for the child on the ground that the father has failed to so provide since on or about June, 1975 (Family Ct Act, § 413). There is no dispute that the father has abided by the terms of the separation agreement to the extent of giving to petitioner the sum of $150 per month for the support of the child. It is noted at this point that petitioner was not seeking to enforce the terms of the separation agreement as the Family Court has no power to enforce the terms of a contract. Study of the record mandates the conclusion that petitioner has sufficiently demonstrated the need for child support in the amount of $3,000 per year ($250 per month). It is recognized that respondent, father of the child, has been contributing $150 monthly under the agreement and his continuing to do so will result in his having to pay an additional $100 per month pursuant to this determination. Further, this determination is made under the aegis of section 413 of the Family Court Act and is rendered without consideration of the contractual provisions respecting the endowment policy for educational purposes and child support which consideration obtains relevance in an appropriate action on the contract. To reiterate, petitioner has demonstrated the need for reasonable child support in a monthly amount of $250 and to the extent that respondent makes support payments under the separation agreement, he defrays in part the obligation imposed by this determination. Concur—Lupiano, Birns and Lane, JJ.; Kupferman, J. P., and Silverman, J., dissent in separate memoranda, as follows: Kupferman, J. (dissenting). I would affirm. The separation agreement was fair when made. *(Mayer v Mayer,* 55 AD2d 568; *McMurray v McMurray,* 53 AD2d 596.) Moreover, the petitioner wife at the present time earns more than her former husband does. The child is now 19, and we are informed that she is attending college at The New School. Family Court jurisdiction is conceded by both sides, and so there is no need to raise the question of whether this proceeding should be in the Supreme Court. However, there is a question as to the interpretation of the separation agreement with respect to college education, and that does belong in the Supreme Court. The opinion of the majority sets forth the relevant provision. As I interpret it, the father is to pay for the college education, and the life insurance endowment policy, which has been fully paid, is merely back-up insurance. However, the husband justifiably contends that he was not consulted with respect to the college to be chosen, and the separation agreement itself is silent on that. Of course, there is no legal obligation for a private college, except as provided for in the separation

agreement *(Tannenbaum v Tannenbaum,* 50 AD2d 539), and public higher education, which is available in New York City, could suffice. Accordingly, while I would affirm the determination of the Family Court, it would be without prejudice to a proceeding in the Supreme Court for the interpretation of the agreement having to do with the amount that would be necessary and proper for a college education, if any, over and above the $7,500 covered by the insurance policy. Silverman, J. (dissenting). I too would affirm. Petitioner wife has not remarried and the daughter is living with petitioner. The husband has remarried. Thus, she has two mouths to feed and he has two mouths to feed. Petitioner's income, apart from contributions from respondent husband, is greater than the income of respondent husband. The contributions that the husband makes pursuant to the separation agreement widen the difference. On balance, I cannot say that the Family Court Judge improperly appraised the situation.