■ COMMUNITY NATIONAL BANK AND TRUST COMPANY OF NEW YORK, Appellant, v MARY ZAKS, Respondent.—Order, Supreme Court, New York County, entered on June 21, 1976, unanimously modified, in the exercise of discretion, to the extent of directing the parties to serve formal pleadings and, as so modified, otherwise affirmed, without costs and without disbursements, for the reasons stated by Baer, J., at Special Term. Plaintiff shall serve its complaint within 20 days after service upon it of a copy of the order entered hereon, with notice of entry, and defendant's answer shall be served 20 days thereafter. Concur—Murphy, J. P., Birns, Capozzoli, Lane and Nunez, JJ.

■ In the Matter of EDNA MAYER, Respondent, v ARTHUR C. MAYER, Appellant. ARTHUR C. MAYER, Appellant, v EDNA MAYER, Respondent.— Orders of the Family Court, entered January 5, 1976, which granted the petitioner husband's application to reduce alimony, but only to $800 per month, and entered May 24, 1976, which adjudged the petitioner husband in default with respect to arrears, unanimously modified, on the law and the facts, to reduce alimony to $600 per month and to allow the petitioner husband to purge himself of contempt by payment of arrears, and otherwise affirmed, without costs and without disbursements. The parties entered into a separation agreement in 1967, which was fair when made (McMurray v McMurray, 53 AD2d 596), providing for a nonallocated amount per month of $1,000 for support and maintenance of the wife and two children, plus certain medical and other expenses. The wife was given custody. The separation agreement was not merged in a foreign decree of divorce which followed. When the wife petitioned for enforcement of the support provision in 1975, the husband cross-petitioned for a downward modification based on changed circumstances, the emancipation of one child, and the residence of the other child with him. In addition, he claims decreased earnings and his former wife's ability to be self-supporting. Upon the record before us and giving due consideration to all of the relevant circumstances, the award of alimony was excessive and should be reduced to the extent indicated herein. Settle order on notice to include arrangements for the payment of the arrears. Settle order on notice. Concur—Stevens, P. J., Markewich, Kupferman, Silverman and Lane, JJ.