Louis B. Heller, J.
This motion involves a recalcitrant defendant charged by his former wife with a continuing contumacious failure to comply with the alimony and child support obligations imposed upon him by a Connecticut judgment of divorce. Whereas the defendant was required to make simimonthly alimony and support payments of $1,010.10, he took it upon himself, without seeking or obtaining court approval, to modify this amount downward to $481. Commencing July 16, 1975 and extending over 25 consecutive payment dates through July 16, 1976, his reduced payments have resulted in accumulated arrears of $13,007.80.
Even two intervening court orders failed to halt defendant’s unilateral disregard of the divorce decree. When the arrears had reached $3,493, covering the period from July 16, 1975 through October 16, 1975, plaintiff moved in the Superior Court in Connecticut to have the defendant held in contempt. The court adjudged the defendant in contempt and ordered him to pay these arrears plus $350 in counsel fees for a total judgment of $3,843. Defendant has never paid any part of this judgment. Although defendant did not appear in the contempt proceeding, there is no dispute that he owes the amount of arrears found by the Connecticut court.
Defendant having failed to pay the $3,843 and having accumulated additional arrears of $3,165.60 (covering the period November 1, 1975 to January 16, 1976), the plaintiff sought enforcement of these unpaid amounts in this court pursuant to the Uniform Enforcement of Foreign Judgments Act (CPLR art 54). This court, after a fairly exhaustive discus *213 sion of the applicability of article 54 to the alimony and support provisions of a sister State divorce decree, granted plaintiff entry of judgment for the total arrears of $6,658.60 and awarded counsel fees of $850 (Ehrenzweig v Ehrenzweig, 86 Misc 2d 656).
In that decision, I denied plaintiffs request for a wage deduction and posting of security on the ground that they seemed unnecessary at the time. The denial, however, was conditioned upon "(1) immediate resumption by defendant of full payments of alimony and support, and (2) payment of all arrears involved in this motion, including counsel fees awarded in the Connecticut contempt judgment [$350] and which may be awarded on this motion [$850], within 60 days after service of a copy of the order to be settled herein” (Ehrenzweig v Ehrenzweig, supra, p 668), For like reasons, the court also denied that branch of plaintiffs motion seeking to hold the defendant in contempt, "but without prejudice to its renewal by the plaintiff in the event the other relief proves unavailing” (p 669).
The relief granted the plaintiff has to date proved unavailing, for defendant has not paid any portion of the arrears or counsel fees, nor has he resumed full payment of his alimony and child support obligations. True, he has filed a notice of appeal of my decision but this does not justify the defendant’s continued unilateral disregard of the lawful court mandates. Until such time as the alimony and support provisions of the divorce decree have been modified by court order, the defendant may not take it upon himself to pay what he wants.
This court further observes that notwithstanding the Connecticut contempt citation and its own prior decision, both of which quite clearly put defendant on notice that the plaintiff does not and will not tolerate defendant’s partial payments, the defendant at no time prior to the instant motion sought a downward modification of his alimony and child support obligations. Defendant now requests such relief for the first time via cross motion herein but only after causing more arrearages ($6,349.20) to result, requiring the plaintiff to bring on the instant motion.
In this, the plaintiffs third court proceeding to obtain the defendant’s compliance, plaintiff seeks the following relief: (1) Pursuant to section 245 of the Domestic Relations Law to adjudge defendant to be in contempt of court for his failure to fully comply with the alimony and support provisions of the *214 judgment of divorce and with the prior order of this court; (2) Pursuant to section 244 of the Domestic Relations Law to direct the entry of two money judgments, each in the sum of $3,174.60, against the defendant for his arrears accumulated from February 1, 1976 through July 16, 1976; (3) Pursuant to section 243 of the Domestic Relations Law, to direct defendant to post a bond in a sum to be fixed by the court as security for all arrearages as well as for future alimony and child support payments; and (4) Pursuant to section 237 of the Domestic Relations Law to grant plaintiff a counsel fee for this motion.
Defendant, in his cross motion, requests a downward modification of both the alimony (Domestic Relations Law, § 236) and the child support (Domestic Relations Law, § 240) and a hearing with respect to the contempt, claiming as a defense thereto his financial inability to comply with the obligations imposed by the judgment of divorce (Domestic Relations Law, § 246). Defendant, with the court’s permission, subsequently moved orally for renewal of his cross motion in the court’s prior decision (Ehrenzweig v Ehrenzweig, 86 Misc 2d 656, supra) to dismiss the plaintiff’s entire request for relief pursuant to CPLR 3211 (subd [a], par 2) on the grounds that the court does not have subject matter jurisdiction of plaintiff’s motion. Both parties were given an opportunity to and have submitted affidavits on the cross motion for renewal.
Because of the impact on plaintiff’s requested relief if the court were now to grant defendant’s motion to dismiss, this shall be considered first. Defendant’s motion is based on the premise that the Connecticut divorce judgment does not meet the definition of a "foreign judgment” in CPLR 5401, entitled to be enforced in this State under the Uniform Enforcement of Foreign Judgments Act. This position was carefully examined in the court’s prior decision (Ehrenzweig v Ehrenzweig, supra) wherein I rendered the following findings and conclusions:
(1) Article 54 may be used to enforce the financial provisions of a sister State divorce judgment or decree provided none of the exceptions set forth in CPLR 5401 apply.
(2) The one exception pertinent hereto, as stated in the affirmative, is that the sister State judgment must be entitled to "full faith and credit in this state”.
(3) A sister State decree for alimony and child support will be afforded full faith and credit as to any arrears if the right to unpaid installments becomes absolute and vested as they become due. If, on the other hand, the foreign court which *215 rendered the divorce judgment has the discretion to modify outstanding arrears retrospectively, then such arrears are not considered absolute and vested, and the decree for alimony and support is therefore not entitled to full faith and credit with respect thereto.
(4) Upon examination of the applicable Connecticut statutes and rules, I concluded that the relevant statutes (Conn Gen Stat, § 46-21, and its successor, Conn Gen Stat, § 46-52) do not on their face empower the Connecticut courts to modify already accrued unpaid installments of alimony and child support. I reached the same conclusion with respect to section 381 of the Superior Court Rules (Conn Prac Book).
(5) The court next turned to Connecticut case law wherein counsel and the court were able to find but one case in point— De Golyer v De Golyer (13 Conn S 339, 342 [1945]). This case expressly held that: "Past due payments [referring to alimony] * * * constitute vested property rights not subject to modification. ” (Emphasis supplied.) This holding was relied upon and followed in the New York case of Rosmini v Rosmini (230 NYS2d 319, 320-321).
(6) Based on De Golyer; I concluded, "that the plaintiff’s rights to the unpaid installments of alimony and support become vested as they become due and a fortiori that the Connecticut divorce judgment must be given full faith and credit as to any arrears.” (Ehrenzweig v Ehrenzweig, supra, p 665.) Accordingly, the Connecticut divorce decree meets the definition of a "foreign judgment” entitled to enforcement under article 54.
(7) The defendant’s cross motion to dismiss for lack of subject matter jurisdiction was consequently denied.
Defendant’s basis for renewal of his motion is his discovery of another Connecticut case, Conroy v Conroy (32 Conn S 92 [1974]), reported subsequent to the court’s prior decision. This case involved an application by the defendant husband for modification solely of already accrued alimony arrears. The court granted the application based on its reading of section 46-54 of the Connecticut General Statutes and section 381 of the Superior Court Rules (Conn Prac Book) and modified the arrearage from $8,716.70 to $2,266.34.
Should the Conroy decision now be controlling upon this court? Initially, I note that this is a decision of the Superior Court, a lower court in Connecticut, the highest court in the State being the Supreme Court. The De Golyer case was also a *216 Superior .Court decision. Consequently, these decisions, rendered by the lower courts of Connecticut, are not controlling in New York as to construction of the Connecticut statutes, but nevertheless they may be persuasive (Kettell v Erie R. R. Co., 176 App Div 430, 432, affd 225 NY 727; Smith v Smith, 255 App Div 652, 656). However, since the highest court in Connecticut has not ruled on the matter, this court also has the responsibility to apply the correct principles of law as it sees them, i.e., to determine its own construction of the applicable statutes (Kettell v Erie R. R. Co., supra; Matter of Palmer, 193 Misc 411, 413-414, affd 275 App Div 792). In doing so, the court should heed the principle established by the United States Supreme Court in Sistare v Sistare (218 US 1, 22), wherein, in referring to the (now outdated) New York statute on the modification of alimony (Code Civ Pro, § 1771), the court stated:. "But it is equally certain that nothing in this language gives power to revoke or modify an installment of alimony which had accrued prior to the making of an application to vary or to modify, and every reasonable implication must be resorted to against the existence of such power in the absence of clear language manifesting an intention to confer it. ” (Emphasis supplied.)
Upon my re-examination of the previously cited Connecticut statutes and rule of practice, I again conclude that they do not on their face empower the Connecticut courts to modify past-due installments of alimony and child support. Neither section 46-54 of the Connecticut General Statutes nor its predecessor (Conn Gen Stat, § 46-21) contains any language pertaining to the modification of arrears and in this respect are similar to the New York statute that was construed in Sistare. Section 381 of the Superior Court Rules does include a reference to arrears but it does so in the context of giving the court discretion to determine whether a modiñeation of future installments of alimony or support should be ordered prior to the husband’s payment of part or all arrearages which may exist. The question under section 381 is not whether the arrears themselves can or will be modified but simply whether and when the court will modify future installments where there are also arrearages. This is the more reasonable interpretation to be given section 381 based upon the language used therein and upon the author’s comments following section 381 and following Form 397A of Connecticut Practice Book.
*217 How then does the court in Conroy justify its contrary holding? The ready answer is that the written opinion unfortunately does not include any rationale or analysis in support of its decision, nor does it attempt to overrule or distinguish the principle espoused in De Golyer. De Golyer is ignored and the Conroy opinion, instead, merely quotes the statute (Conn Gen Stat, § 46-54) and section 381 of the practice rule and then skips almost immediately to its holding.
This court therefore does not find Conroy to be "persuasive”. Instead, I hold that De Golyer, which is in accord with my construction of the Connecticut statutes should continue to be followed in this State (Kettell v Erie R. R. Co., 176 App Div 430, 432, affd 225 NY 727, supra). My prior decision sustaining the applicability of article 54 to the Connecticut divorce judgment herein is adhered to.
Accordingly, defendant’s cross motion for dismissal on grounds of lack of subject matter jurisdiction is again denied.
Before proceeding to consider the substantive relief requested by both parties, two procedural matters need to be first commented upon. In the court’s prior decision, as a prerequisite to applying article 54 to the divorce decree, plaintiff had to and did file a copy of the Connecticut judgment in the office of the county clerk (CPLR 5402, subd [a]). Is any similar filing required in connection with the instant motion? I hold that once a foreign divorce judgment is appropriately filed pursuant to CPLR 5402 (subd [a]) it need not be refiled in the absence of any modification thereto. The notice of motion or order to show cause should, however, refer to the fact and date of the original filing, that it was done pursuant to CPLR article 54 and that the procedures provided for therein had been complied with. The court for obvious reasons will excuse these omissions in the instant motion.
Under the circumstances herein, the court also excuses plaintiff’s counsel’s failure to conspicuously include in the order to show cause the six statements set forth in Ehrenzweig v Ehrenzweig (86 Misc 2d 656, 670-671, supra). The matrimonial bar would be well advised however to heed these requirements on a contempt motion or else run the risk of a dismissal because of possible infringement of due process rights of the debtor husband.
Turning now to the requested relief, the court will first dispose of defendant’s cross motion for downward modification of the arrears. The mandate of full faith and credit permits *218 modification of the alimony and child support provisions of a sister State divorce judgment but only on the same basis as they may be modified in the sister State (2 Foster-Freed, Law and the Family, § 25:68 [1975 Supp]). Here, since the alimony and support arrears arising out of the Connecticut divorce decree are not subject to retroactive modification, the court finding that modification pursuant to section 46-54 of the Connecticut General Statutes is applicable only as to future installments, the arrears are deemed to create a vested right in favor of the plaintiff which cannot be modified by another State (11B Zett-Edmonds-Schwartz, NY Civ Prac, Matrimonial Actions, § 43.03). As was aptly said in Toms v Toms (188 Misc 451, 454, affd 272 App Div 789) "The husband has slept on his rights * * * He has permitted the amounts [referring to alimony] as they become due to become vested rights for which the wife can recover.” This court has no power to change the amount of these arrears. Accordingly, defendant’s cross motion for modification thereof is denied.
Having so concluded with respect to the arrears, it is clear that the defendant is legally obligated to pay these past-due amounts in toto. This court will therefore not tolerate any further delays on the defendant’s part in this regard and accordingly grants the following relief to the plaintiff in accordance with her request: (1) The entry of two money judgments each in the sum of $3,174.60 for the arrears accumulated from February 1, 1976 through July 16, 1976 (Domestic Relations Law, § 244; see Ehrenzweig v Ehrenzweig, 86 Misc 2d 656, 666-667, supra, where the court has previously granted plaintiff entry of judgment as to the prior arrears in the amount of $6,658.60). (2) Defendant is directed to post a bond in the sum of $15,000 to secure his payment of the outstanding arrears in alimony and child support through July 16, 1976 and the previously awarded counsel fees (Domestic Relations Law, § 243).
Also, in view of defendant’s unilateral disregard of the several court mandates, defendant is directed to post a bond as security for future alimony and child support payments with the amount of said bond to be fixed at the hearing to be discussed infra.
The court postpones a decision at this time with respect to that branch of plaintiff’s motion seeking to hold the defendant in contempt. Defendant has interposed as a defense that he was financially unable to comply with the alimony and child *219 support obligations imposed upon him by the Connecticut divorce decree. The defendant is therefore entitled to a full and formal evidentiary hearing on his ability to pay (Domestic Relations Law, § 246; Pirrotta v Pirrotta, 42 AD2d 715; Zeitouni v Zeitouni, 48 AD2d 941). If at the hearing the defendant establishes his defense, then plaintiffs application to punish the defendant for contempt will be denied, although the defendant is still obligated to pay the arrears. On the other hand, if the defendant does not sufficiently demonstrate to the court that he was unable to pay a total of $1,010.10 semimonthly for alimony and child support, the defendant will be punished for contempt of court as provided in section 245 of the Domestic Relations Law with regard to each and every payment so determined (Zolotrow v Zolotrow, 51 AD2d 910, 911).
Inextricably involved with the issue of contempt is defendant’s cross motion for a reduction of both the alimony and child support provisions of the Connecticut judgment of divorce. These branches of the cross motion, which relate to future installments and not to the arrears which this court has no power to modify, should therefore also be decided at the full evidentiary hearing (Stroh v Stroh, 52 AD2d 844; Ciaschi v Ciaschi, 49 AD2d 991) a decision on them is deferred until such time.
Accordingly, a hearing is to be held before the court at a time fixed in the order to be settled herein. At the hearing defendant will have the burden of proving a change in circumstances since the judgment of divorce warranting the modification sought (McMurray v McMurray, 53 AD2d 596). The defendant cannot, however, claim as a special circumstance the fact that he has remarried and has a child of that marriage.
In view of the inadequacy of the financial affidavit submitted herein by the defendant in that it fails to reveal the full extent of the income derived by the defendant from a veterinarian practice in which he has an ownership interest, plaintiff is entitled to an examination of the defendant, if she be so advised, prior to the hearing in order to ascertain the true state of the defendant’s finances (Wade v Wade, 119 NYS2d 599, 600; Schlossberg v Schlossberg, 60 Misc 2d 640, 641). Plaintiff shall have 20 days from entry of the order to be settled herein in which to so move for an examination of the *220 defendant and the production of any relevant books and records.
The remaining request by the plaintiff for counsel fees is granted (see Ehrenzweig v Ehrenzweig, 86 Misc 2d 656, 671, supra), with the sum to be fixed at the hearing.
Two additional points should be noted with respect to the hearing. Until such time as the court may order a reduction in defendant’s future payments, defendant is legally obligated to pay the amounts mandated by the divorce decree. If the defendant continues steadfast in his refusal to fully comply therewith, he will be subject to another court proceeding for the additional "vested” arrears. Furthermore, in the event of, and notwithstanding, the court’s downward modification of the alimony and child support provisions of the divorce judgment, defendant cannot escape the contractual obligations imposed upon him by the underlying separation agreement which was incorporated but not merged in the decree and he will still remain liable for the full amounts agreed to therein (see a complete discussion of this anomaly in the law in this court’s recent decision of Kreuger v Kreuger, 86 Misc 2d 857, 859-862).