◼ Vicki P. Ehrenzweig, Respondent, v Joel Ehrenzweig, Appellant.— In a proceeding to enforce the provisions of two judgments granted in Connecticut and filed in New York pursuant to CPLR article 54, defendant appeals from (1) so much of two orders of the Supreme Court, Kings County, dated May 19, 1976 and February 18, 1977, respectively, as directed the entry of money judgments in favor of the plaintiff and (2) a judgment of the same court, entered May 27, 1976, upon the first above-mentioned order. Judgment affirmed and orders affirmed insofar as appealed from, with one bill of $50 costs and disbursements. The plaintiff-respondent was awarded a judgment of divorce against defendant-appellant in Connecticut in 1973. The provisions of a prior separation agreement were incorporated into that judgment but did not merge therein. The separation agreement provided for semimonthly payments of alimony and for the support of the parties' two infant children. Defendant, without obtaining court approval, unilaterally reduced the amounts of those semimonthly payments. In October, 1975, when the amount of arrears had approached $3,000, plaintiff commenced a proceeding in Connecticut to find the defendant in contempt and for a judgment for the arrears due under the judgment of divorce. The Connecticut court awarded judgment in the amount of $3,843, which included counsel fees of $350. Although the judgment was made upon the default of the defendant, it is unclear whether he was served with process and whether the Connecticut court had obtained personal jurisdiction over him. In January, 1976 plaintiff filed the judgment of divorce and the judgment entered in the contempt proceeding in New York and commenced this action to enforce those judgments pursuant to the relevant provisions of the Domestic Relations Law. The defendant sought to dismiss the action on the ground that the judgment of divorce could not be filed here pursuant to CPLR article 54 because it was not subject to full faith and credit in that it could be modified in Connecticut. He objected to the filing of the judgment

entered in the contempt proceeding because it had been obtained by default in appearance. Special Term ruled that the judgment of divorce was final under Connecticut law and that it could be filed in New York pursuant to CPLR article 54. It further ruled that because the judgment in the contempt proceeding had been obtained by a default in appearance, it could not be so filed. However, as the judgment in the contempt proceeding awarded arrears in support due under the divorce judgment, Special Term held that the amount thereof could be enforced. We agree. The Supreme Court of Connecticut has recently held that there is no authority under Connecticut law to modify arrears retroactively (see *Sanchione v Sanchione,* 173 Conn 397). Special Term was therefore correct in ruling that the Connecticut judgment of divorce was not modifiable as to past-due alimony payments and properly allowed the judgment to be filed pursuant to CPLR article 54. An award for all arrears due under that judgment is therefore properly obtainable in New York. Accordingly, we affirm the orders and judgment under review. Martuscello, J. P., Rabin, Margett and O'Connor, JJ., concur.